UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JASON L. EDMONSON,

                      Plaintiff,

v.

CHIEF JUDGE WISCONSIN COURT
OF APPEALS – DISTRICT 3, CHIEF
JUSTICE WISCONSIN SUPREME
COURT, and STATE DIRECTOR OF
WISCONSIN COURTS,

                      Defendants.

Case No. 22-CV-611-JPS

**ORDER**

        Plaintiff Jason L. Edmonson, an inmate confined at Green Bay Correctional Institution, filed a pro se complaint under 42 U.S.C. § 1983 alleging that Defendants violated his civil rights. ECF No. 1. Plaintiff paid the filing fee in full on June 6, 2022. This Order screens Plaintiff's complaint.

**1.    FEDERAL SCREENING STANDARD**

        Under the Prison Litigation Reform Act ("PLRA"), the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

        In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017)

(citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

2.   **PLAINTIFF'S ALLEGATIONS**

Plaintiff filed a state habeas petition in the Wisconsin Court of Appeals, District 3 on February 16, 2020. ECF No. 1 at 2. Plaintiff requested an evidentiary hearing. *Id.* On November 4, 2021, the court denied the petition based on procedural default. *Id.* at 3. On November 22, 2021, Plaintiff filed a motion for reconsideration. *Id.* The court denied Plaintiff's motion on December 7, 2021.

Plaintiff appealed to the Wisconsin Supreme Court on January 6, 2022. *Id.* The Wisconsin Supreme Court denied the petition without review

on March 16, 2022. *Id.* Plaintiff alleges that Defendants' actions prevented the trial court from ruling on potentially harmful constitutional errors. *Id.*

3.   ANALYSIS

Plaintiff may not proceed on any claims against Defendants because they have judicial immunity. Judges are not liable in civil actions for their judicial acts unless they have acted in the clear absence of all jurisdiction. *John v. Barron*, 897 F.2d 1387, 1391 (7th Cir. 1990) Plaintiff challenges the decisions made by Defendant judges and/or the state court director. These decisions, however, were unquestionably made within the scope of judicial capacity; there are no facts alleged that suggest Defendants acted in the clear absence of jurisdiction. As such, Defendants are absolutely immune from suit. *See Dawson v. Newman*, 419 F.3d 656, 660–61 (7th Cir. 2005); *John*, 897 F.2d at 1391 ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority.").

Finally, although courts generally must permit civil plaintiffs at least one opportunity to amend their pleadings, the Court need not do so where the amendment would be futile. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 520 (7th Cir. 2015). Because no amendment can overcome Plaintiff's judicial immunity issue, it would be futile to allow him to amend the complaint.

4.   CONCLUSION

In sum, Plaintiff's complaint fails to state a claim. Because amendment would be futile, the Court will accordingly dismiss this case, with prejudice, for the failure to state a claim upon which relief can be granted.

Accordingly,

**IT IS ORDERED** that this case be and the same is hereby **DISMISSED** under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim; and

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g).

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 27th day of January, 2023.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under limited circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.